1  John Du Wors, State Bar No. 233913
   *john@newmanlaw.com*
2  NEWMAN DU WORS LLP
3  2101 Fourth Avenue, Suite 1500
   Seattle, WA  98121
4  Telephone:     (206) 274-2800
   Facsimile:     (206) 274-2801
5
6  Attorneys for Plaintiff
   ConsumerTrack, Inc.
7

8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9                    WESTERN DIVISION
10

11 | CONSUMERTRACK, INC., a        | Case No. 2:17-cv-02404
   | California corporation,       |
12 |                               | **COMPLAINT FOR**
   |         Plaintiff,            | **DECLARATORY JUDGMENT**
13 |                               | **AND BREACH OF CONTRACT**
14 |    v.                         |
   | ADVERTISING DIRECT, LLC d/b/a |
15 | BLUE C ADS, a Florida limited liability |
16 | company, and DOES 1-10,       |
17 |         Defendants.           |
18

19     Plaintiff ConsumerTrack, Inc. ("ConsumerTrack") brings this complaint
20 against Defendants Advertising Direct, LLC d/b/a Blue C Ads ("Advertising
21 Direct") and Does 1–10 upon personal information as to Plaintiff's own activities
22 and upon information and belief as to the activities of others, as follows:

23                        **INTRODUCTION**

24     1.   Plaintiff ConsumerTrack engages in online marketing using commercial
25 email.
26     2.   On November 24, 2014, Defendant Advertising Direct signed an
27 insertion order with terms and conditions ("Insertion Order") with
28 ConsumerTrack in which it agreed to indemnify ConsumerTrack for third-party

claims arising from Advertising Direct's failure to comply with various email regulations, including but not limited to the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq.* The Insertion Order is attached hereto as Exhibit A.

3.  On January 20, 2017, ConsumerTrack was sued by XMission, L.C., a Utah-based internet service provider, for violations of CAN-SPAM related to emails sent by Defendant Advertising Direct. XMission's Complaint is attached hereto as Exhibit B.

4.  On February 21, 2017, after conducting its investigation into the responsible affiliates, ConsumerTrack notified Advertising Direct of its duty to indemnify and requested indemnification and cooperation to resolve XMission's complaint. ConsumerTrack's notice to Advertising Direct (which did business as Blue C Ads) is attached hereto as Exhibit C.

5.  Advertising Direct refused to cooperate or indemnify ConsumerTrack in violation of its contractual duties as set forth in correspondence with ConsumerTrack's counsel and attached hereto as Exhibit D.

6.  ConsumerTrack now brings suit against Advertising Direct for breach of contract and declaratory relief related to its duty to indemnify ConsumerTrack against XMission's claims.

**PARTIES**

7.  Plaintiff ConsumerTrack, Inc. is a California corporation with its principal place of business in California.

8.  Defendant Advertising Direct, LLC d/b/a Blue C Ads is a Florida limited liability company with its principal place of business at 2831 Ringling Blvd, Unit 124 F, Sarasota, FL 34237.

9.  Plaintiffs are unaware of the true names and capacities of the defendants identified as Does 1–10 and therefore sues those defendants under fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Each of the fictitiously-named defendants is responsible for the

conduct alleged herein. These fictitiously-named defendants, along with the other named defendants, are referred to collectively as "Defendants."

10. Each defendant aided and abetted the actions of the other defendants set forth above, in that each defendant had knowledge of those actions, and provided assistance and benefitted from those actions. Each of the defendants was the agent of each of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other defendants.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 2201, as well as under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

12. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within this judicial district and because Defendants directed their illegal computer access activity to protected computers within this judicial district.

## FACTS

13. ConsumerTrack engages in commercial email marketing and, like all email marketers, uses multiple affiliates to distribute emails.

14. Advertising Direct is one of ConsumerTrack's affiliates.

15. On November 24, 2014, Advertising Direct signed the Insertion Order with ConsumerTrack and agreed to the Terms and Conditions incorporated therein.

16. The Insertion Order required Advertising Direct to make certain representations, obligations, and warranties, including that Advertising Direct "abides by and adheres to all regulations, codes, ordinances, standards, or rulings encompassing the Can-Spam Act of 2003…"

17. The Insertion Order further requires Advertising Direct to indemnify and hold harmless ConsumerTrack "against any and all justifiable liability, claims, suits, losses, costs and legal fees caused by, arising out of, otherwise resulting from any act, whether intentional or negligent, or omission of [Advertising Direct], in the performance and/or failure to perform the obligations and honor the representations and warranties hereby agreed to pursuant to [the Insertion Order]…"

18. The Insertion Order also included an Email Addendum, which further obligated Advertising Direct to comply with specific requirements when sending emails, including a requirement that the "sender of the email…be identified as the initiator of the email and the email must include the…name, email and physical address and phone number of the sender."

**The XMission Lawsuit**

19. On January 20, 2017, XMission, L.C. filed suit against ConsumerTrack in the United States District Court, District of Utah for violations of the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq.* (the "XMission Suit").

20. The XMission Suit alleges violations of 15 U.S.C. § 7704(a)(1) for sending emails accompanied by materially false or materially misleading Header Information and 15 U.S.C. § 7704(a)(1)(A) for false names and/or addresses used in the registration of domains used to send the emails.

21. The XMission Suit also alleges violations of 15 U.S.C. § 7704(a)(5) for failure to include a physical address for the sender of the email.

22. XMission seeks statutory damages, treble damages, and attorneys' fees and costs.

23. ConsumerTrack denies all of XMission's allegations in the XMission Suit.

**Advertising Direct's Emails**

24. Advertising Direct is responsible for approximately 31,400 out of

approximately 32,500 emails at issue in the XMission Suit.

25. These Advertising Direct emails are alleged by XMission to violate the CAN-SPAM Act, which, if true, would violate multiple provisions of the Insertion Order, the Insertion Order's Terms and Conditions, and the Insertion Order's Email Addendum. If XMission's allegations are true, Advertising Direct would be responsible for the vast majority of alleged emails and damages in the XMission Suit.

26. ConsumerTrack denies the allegations in the XMission Suit, including denying any liability and damages, but under the Insertion Order, Advertising Direct is responsible to indemnify and hold harmless ConsumerTrack in the XMission Suit.

27. ConsumerTrack notified Advertising Direct of its indemnity responsibilities on February 21, 2017, as soon as ConsumerTrack was able to identify the responsible affiliates.

28. Advertising Direct responded and refused to indemnify and hold harmless ConsumerTrack.

**FIRST CAUSE OF ACTION**
**Declaratory Relief**

29. Plaintiffs hereby incorporate by reference the foregoing paragraphs as though fully set forth herein.

30. The Insertion Order requires Advertising Direct to indemnify ConsumerTrack for any and all justifiable liability, claims, suits, losses, costs and legal fees caused by, arising out of, or otherwise resulting from any act, whether intentional or negligent, or omission of Advertising Direct, in the performance and/or failure to perform the obligations and honor the representations and warranties agreed to in the Insertion Order.

31. The XMission Suit alleges a justifiable suit that has resulted and will continue to result in losses, costs, and legal fees. ConsumerTrack denies liability in

the XMission Suit, but is still suffering losses, costs, and legal fees in defending against the case.

32. The XMission Suit allegations, if true, were caused by, arose of out, or otherwise resulted from intentional or negligent acts or omissions of Advertising Direct.

33. Advertising Direct's acts or omissions as alleged by XMission relate to the performance and/or failure to perform its obligations or honor the representations and warranties it agreed to in the Insertion Order.

34. Advertising Direct's emails, as alleged by XMission, do not contain Advertising Direct's email address, physical address, and phone number as required by the Email Addendum to the Insertion Order.

35. The XMission Suit further alleges that Advertising Direct's emails violate provisions of the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq.* in violation of the Insertion Order and Email Addendum.

36. ConsumerTrack's February 21, 2017 letter delivered to Gary Williams at gary@bluecads.net constituted valid notice under the Insertion Order to obligate Advertising Direct to indemnify ConsumerTrack for the XMission Suit as required by the Insertion Order.

37. Advertising Direct rejected ConsumerTrack's request for indemnity in violation of its obligations under the Insertion Order.

38. ConsumerTrack is entitled to indemnity from Advertising Direct for all costs associated with the XMission Suit.

**SECOND CAUSE OF ACTION**
**Breach of Contract**

39. Plaintiffs hereby incorporate by reference the foregoing paragraphs as though fully set forth herein.

40. The Insertion Order constitutes a binding contract between ConsumerTrack and Advertising Direct.

41. ConsumerTrack performed all of its obligations under that contract.

42. Advertising Direct materially breached this contract (1) by failing to indemnify ConsumerTrack against losses, costs and legal fees related to and arising from its actions and the XMission Suit; and (2) if the allegations in the XMission Suit are proven to be true, by failing to abide by the warranties and representations within the Insertion Order and Email Addendum.

43. ConsumerTrack has been damaged by Advertising Direct's breach of contract in an amount to be proven at trial, but no less than $75,000.

## RELIEF REQUESTED

Plaintiff ConsumerTrack, Inc. requests that the Court enter judgment in Plaintiff's favor and against Defendants, jointly and severally, as follows:

1. That the Court enter a Declaratory Judgment that Advertising Direct must indemnify ConsumerTrack for all losses, costs, and legal fees associated with the XMission Suit.
2. That the Court enter a Declaratory Judgment that Advertising Direct breached its contract with ConsumerTrack.
3. That the Court award ConsumerTrack compensatory damages in an amount to be proven at trial but in no event less than $75,000.
4. That the Court award ConsumerTrack special damages in an amount to be proven at trial.
5. That the Court award ConsumerTrack exemplary damages in an amount to be proven at trial.
6. That the Court award ConsumerTrack its costs and attorneys' fees.
7. That the Court grant such other and further relief as this Court may deem just and proper.

Dated: March 28, 2017

NEWMAN DU WORS LLP

*signature*

John Du Wors, State Bar No. 233913
*john@newmanlaw.com*

Attorneys for Plaintiff
ConsumerTrack, Inc.