John Du Wors, State Bar No. 233913
*john@newmanlaw.com*
Nathan Durrance, State Bar No. 229210
*nathan@newmanlaw.com*
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle WA  98121
Telephone:     (206) 274-2800
Facsimile:      (206) 274-2801

Counsel for Plaintiff
ConsumerTrack, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CONSUMERTRACK, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADVERTISING DIRECT, LLC d/b/a BLUE C ADS, a Florida limited liability company, and DOES 1-10,<br><br>　　　　Defendants. | Case No. 2:17-cv-02404 PA(FFMx)<br><br>**PLAINTIFF CONSUMERTRACK, INC'S APPLICATION FOR DEFAULT JUDGMENT** |

　　　Plaintiff ConsumerTrack, Inc. respectfully moves for entry of an order of default judgement against Defendants Ad Partners, LLC and Blue Ocean Ads, LLC pursuant to Fed. R. Civ. P. 55(b)(2).

　　　On May 8, 2017, Plaintiff ConsumerTrack, Inc. filed a Second Amended Complaint against Defendants Ad Partners, LLC, Blue Ocean Ads, LLC, and Offer Conversion, LLC. Dkt. No. 17.

　　　On May 11, 2017, Defendant Ad Partners, LLC was served with the Second Amended Complaint and a proof of service was filed with the Court. Dkt. No. 26.

1  On May 19, 2017, Defendant Blue Ocean Ads, LLC was served with the Second Amended Complaint and a proof of service was filed with the Court. Dkt. No. 27.

Defendants Ad Partners, LLC and Blue Ocean Ads, LLC both failed to answer or otherwise respond to the Second Amended Complaint and both failed to make an appearance in this case.

Plaintiff requested and the Clerk entered default against Defendants Ad Partners, LLC and Blue Ocean Ads, LLC on June 27, 2017 pursuant to Fed. R. Civ. P. 55(a). (Dkt. 32.)

Declarations satisfying Rule 55 and detailing the facts related to the default request were filed with the Court on June 23, 2017. (Dkt. 29 and 30.)

Default judgment against Defendants under Rule 55(b) is now reasonable and appropriate.

In determining whether to grant a default judgment, courts consider: (1) the possibility of prejudice; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F. 2d 557, 560 (9th Cir. 1977).

With respect to the first *Eitel* factor, Plaintiff will be prejudiced if judgment is not entered. As pled in the Second Amended Complaint, Defendants owe Plaintiff indemnity with regards to allegations and legal action taken by Utah-based internet service provider, XMission, L.C., who sued ConsumerTrack for alleged violations of the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 et seq., related to emails allegedly sent by Defendants. ConsumerTrack denies the allegations of liability related to the XMission lawsuit, but nonetheless is incurring fees and expenses

related to the XMission lawsuit and is exposed to potential liability from the affiliate emails. (Dkt. 17 ¶ 5.) Declaring that Plaintiff is owed indemnity and that the Defendants breached their contractual obligations by failing to provide the required indemnity is needed or Plaintiff will be substantially prejudiced.

Plaintiff's Motion also clearly satisfies the second and third *Eitel* factors; Plaintiff has adequately stated and supported its claims against Defendants. As detailed in the Second Amended Complaint, the Defendants each owe ConsumerTrack an indemnity obligation with respect to the XMission lawsuit and allegations therein, including but not limited to indemnity for ConsumerTrack's defense costs and potential damages and other remedies related to the XMission lawsuit and XMission's allegations. (Dkt. 17 ¶ 6.) ConsumerTrack's affiliate agreements have indemnification provisions that require the affiliate to indemnify and hold harmless Plaintiff against any and all justifiable liability, claims, suits, losses, costs and legal fees caused by, arising out of, or otherwise resulting from any act, whether intentional or negligent, or omission of the affiliate, in the performance and/or failure to perform the obligations and honor the representations and warranties agreed to between the affiliate and Plaintiff. (Dkt. 17 ¶ 7.) The affiliate agreement further provides that the affiliate shall at all times comply with all applicable laws, regulations and any other applicable controlling authority. Defendants have failed to meet their obligations under the affiliate agreements.

Plaintiff also satisfies the fourth *Eitel* factor. Plaintiff seeks declaratory relief only in the form of a Court judgment that states the following:

- That the Court enter a Declaratory Judgment that Defendants Ad Partners, LLC and Blue Ocean Ads, LLC must each indemnify and hold harmless ConsumerTrack for all losses, costs, and legal fees associated with the XMission lawsuit and XMission's allegations therein.

- That the Court enter a Declaratory Judgment that Defendants Ad Partners, LLC and Blue Ocean Ads, LLC each breached its contract with ConsumerTrack by failing to provide the requisite indemnity.

With regard to the fifth *Eitel* factor, there is no apparent dispute concerning the material facts of the case. Defendants have failed to appear in the action, and because default has been entered, all well-pleaded allegations in the Second Amended Complaint, except those relating to damages, are assumed to be true. *Discovery Commc'ns, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 1282, 1288 (C.D. Cal. 2001). Plaintiff's requested default judgment includes only declaratory relief.

The sixth *Eitel* factor is also satisfied: default here has not occurred as a result of defendant's excusable neglect. Defendants were each served with the Second Amended Complaint and failed to appear or defend this case. The Clerk entered it into default prior to the filing of the present Motion, and Defendants still have failed to defend this action. Thus, if the Court grants Plaintiff's Motion and entered a default judgment against Defendants, it did not occur as a result of excusable neglect.

Finally, the seventh *Eitel* factor is also satisfied. Federal courts prefer to decide cases on their merits when "reasonably possible." *Eitel*, 782 F.2d at 1472. However, when a defendant failed to answer a plaintiff's complaint, a decision on the merits is "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 283 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Therefore, "the preference to decide cases on the merits does not preclude a court from granting default judgment." *Kloepping v. Fireman's Fund*, No. C 94-2684, 1996 U.S. Dist. LEXIS 1786, at *10 (N.D. Cal. Feb. 13 1996). The Court, therefore, may enter default judgment against Defendants.

Plaintiff therefore requests that the Court enter default judgment against Defendants.

Dated: August 8, 2017

NEWMAN DU WORS LLP

/s/ John Du Wors
John Du Wors, State Bar No. 233913
*john@newmanlaw.com*
Nathan Durrance, State Bar No. 229210
*nathan@newmanlaw.com*

Attorneys for Plaintiff
ConsumerTrack, Inc.