# Exhibit A

John Du Wors, State Bar No. 233913
john@newmanlaw.com
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff
ConsumerTrack, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CONSUMERTRACK, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> BLUE OCEAN ADS, LLC d/b/a BLUE C ADS, a Florida limited liability company; AD PARTNERS, LLC, a Nevada limited liability company; and OFFER CONVERSION, LLC, a Puerto Rico limited liability company, <br><br> Defendants. | Case No. 2:17-cv-02404-PA (FFMx) <br><br> **SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT** |

Plaintiff ConsumerTrack, Inc. ("ConsumerTrack") brings this complaint against Defendants Blue Ocean Ads, LLC d/b/a Blue C Ads ("Blue C Ads"), Ad Partners, LLC ("Ad Partners"), and Offer Conversion, LLC ("Offer Conversion") upon personal information as to Plaintiff's own activities and upon information and belief as to the activities of others.

For its Second Amended Complaint, Plaintiff alleges as follows:

## INTRODUCTION

1. As alleged in more detail below, this Court has subject-matter jurisdiction over this case both on grounds of diversity (28 U.S.C. § 1332) and federal question (28 U.S.C. § 1331).

2. This Court has diversity jurisdiction because, on information and belief, the matter in controversy for each Defendant exceeds the sum or value of $75,000 and the action is between citizens of different States. Plaintiff is a citizen of California and each Defendant is a citizen of a state or territory other than California (including all LLC Defendants, whose members are all, on information and belief, citizens outside of California).

3. This court also has federal question jurisdiction because Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, namely whether certain indemnification provisions between Plaintiff and its affiliates (the Defendants) have been invoked by justifiable claims that the affiliates violated the federal CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq*. If there are justifiable claims that the affiliates violated the federal CAN-SPAM Act of 2003, those affiliates violated their representations, obligations and warranties with Plaintiff and therefore have an obligation to indemnify and hold harmless Plaintiff against those claims that the affiliates violated the federal CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq*.

4. Plaintiff ConsumerTrack engages in online marketing using commercial email.

5. On January 20, 2017, ConsumerTrack was sued by Utah-based internet service provider, XMission, L.C., for alleged violations of the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq.*, related to emails allegedly sent by ConsumerTrack's affiliates (the "XMission Suit"). The ConsumerTrack affiliates responsible for the emails in the XMission Suit are named Defendants in the present action. ConsumerTrack denies the allegations of liability related to the XMission Suit, but nonetheless is incurring fees and expenses related to the XMission Suit and is exposed to potential liability from the affiliate emails.

6. Each affiliate named herein as a Defendant owes ConsumerTrack an indemnity obligation with respect to the XMission Suit and allegations therein, including but not limited to indemnity for ConsumerTrack's defense costs and potential damages and other remedies related to the XMission Suit and XMission's allegations.

7. ConsumerTrack's affiliate agreements have indemnification provisions that require the affiliate to indemnify and hold harmless Plaintiff against any and all justifiable liability, claims, suits, losses, costs and legal fees caused by, arising out of, or otherwise resulting from any act, whether intentional or negligent, or omission of the affiliate, in the performance and/or failure to perform the obligations and honor the representations and warranties agreed to between the affiliate and Plaintiff. The affiliate agreement further provides that the affiliate shall at all times comply with all applicable laws, regulations and any other applicable controlling authority.

8. Thus, Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, namely whether the indemnification provisions of the affiliate agreements between Plaintiff and its affiliates (the Defendants) have been invoked by justifiable claims that the affiliates violated an applicable law and controlling authority, namely the federal CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq.*

9. ConsumerTrack notified each Defendant of its indemnity obligations. Two Defendants responded, indicating that they would not indemnify ConsumerTrack. The remaining four Defendants did not respond at all.

10. ConsumerTrack now brings suit against each affiliate Defendant seeking declaratory relief and damages related to their failure to indemnify and hold harmless ConsumerTrack against its damages, losses, and costs associated with defending against claims against Plaintiff, including by XMission, that its affiliates (the Defendants) have violated the federal CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq*.

## PARTIES

11. Plaintiff ConsumerTrack, Inc. is a California corporation with its principal place of business in California.

12. Defendant Blue Ocean Ads, LLC is a Florida limited liability company. On information and belief, all members of Blue C Ads LLC are citizens of Florida. Blue Ocean Ads, LLC is therefore a citizen of Florida for purposes of diversity jurisdiction.

13. Defendant Ad Partners, LLC is a Nevada limited liability company. On information and belief, all members of Ad Partners, LLC are citizens of Nevada. Ad Partners, LLC is therefore a citizen of Nevada for purposes of diversity jurisdiction.

14. Defendant Offer Conversion, LLC is a Puerto Rico limited liability company. On information and belief, all members of Offer Conversion, LLC are citizens of Puerto Rico. Offer Conversion, LLC is therefore a citizen of Puerto Rico for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy for each Defendant exceeds the sum or value of $75,000 and is between citizens of different States.

16. XMission alleges—and ConsumerTrack denies—that it is entitled to more than $20,000,000.00 in damages based on the approximately 33,000 emails it included in the XMission Suit. The matter in controversy exceeds the sum or value of $75,000 with respect to each Defendant individually.

17. The present dispute arises under federal law pursuant to 28 U.S.C. § 1331 because Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, namely whether there are justifiable claims that any of the Defendants violated the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq.*, as alleged by XMission in the XMission Suit. ConsumerTrack's claims, as well as XMission's allegations, against each Defendant require interpretation and application of the federal CAN-SPAM Act. Accordingly, a substantial, disputed question of federal law forms an essential element and therefore results in federal subject matter jurisdiction over the claims.

18. Venue is proper in this Court under 28 U.S.C. § 1391, and this Court has personal jurisdiction over the Defendants, because a substantial part of the events giving rise to the claims occurred within this judicial district, including Defendants failure to perform under the insertions orders, such as indemnifying and holding harmless Plaintiff ConsumerTrack, a California corporation located in this judicial district, against the claims made by XMission.

## FACTS

19. ConsumerTrack engages in commercial email marketing and, like all email marketers, uses multiple affiliates to distribute emails.

20. Each Defendant is one of ConsumerTrack's affiliates.

21. On November 24, 2014, Defendant Blue C Ads signed an insertion order with terms and conditions with ConsumerTrack in which Blue C Ads agreed to indemnify ConsumerTrack for third-party claims arising from Blue C Ads' alleged failure to comply with various email regulations, including but not limited to the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq.* Defendant Blue C Ads owes

4
SECOND AMENDED COMPLAINT

ConsumerTrack both contractual and equitable indemnity obligations for defending against XMission's allegations in the XMission Suit.

22. On August 4, 2016, Defendant Ad Partners signed an insertion order with terms and conditions with ConsumerTrack in which Ad Partners agreed to indemnify ConsumerTrack for third-party claims arising from Ad Partners' alleged failure to comply with various email regulations, including but not limited to the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq*. Defendant Ad Partners owes ConsumerTrack both contractual and equitable indemnity obligations for defending against XMission's allegations in the XMission Suit.

23. On November 11, 2014, Defendant Offer Conversion signed an insertion order with terms and conditions with ConsumerTrack in which Offer Conversion agreed to indemnify ConsumerTrack for third-party claims arising from Offer Conversion's alleged failure to comply with various email regulations, including but not limited to the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq*. Defendant Offer Conversion owes ConsumerTrack both contractual and equitable indemnity obligations for defending against XMission's allegations in the XMission Suit.

**The XMission Lawsuit**

24. On January 20, 2017, XMission, L.C. filed the XMission Suit against ConsumerTrack in the United States District Court, District of Utah for alleged violations of the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq*. As used herein, the term "XMission Suit" refers to the case XMission filed against ConsumerTrack in the United States District Court, District of Utah, as well as any other actions or proceedings in which ConsumerTrack has to defend against XMission's allegations with respect to emails allegedly sent by ConsumerTrack's affiliates named herein as Defendants.

25. The XMission Suit alleges violations of 15 U.S.C. § 7704(a)(1) for sending emails accompanied by materially false or materially misleading Header Information and 15 U.S.C. § 7704(a)(1)(A) for false names and/or addresses used

in the registration of domains used to send the emails.

26. The XMission Suit also alleges violations of 15 U.S.C. § 7704(a)(5) for failure to include a physical address for the sender of the email.

27. XMission seeks statutory damages, treble damages, and attorneys' fees and costs in an amount exceeding $20,000,000.00.

28. The XMission Suit is aimed at emails allegedly sent by ConsumerTrack's affiliates, and as such, ConsumerTrack's affiliates owe indemnification obligations to ConsumerTrack for its fees, costs, and potential damages related to XMission's allegations.

29. ConsumerTrack denies all allegations made by XMission in the XMission Suit.

**Defendants' Emails**

30. The Defendants are responsible for approximately 31,000 of the approximately 33,000 emails alleged by XMission to violate CAN-SPAM in the XMission Suit.

31. Though ConsumerTrack denies all of XMission's allegations, the allegations, if true, would violate multiple provisions of the agreements and/or indemnity obligations between ConsumerTrack and each Defendant. And if XMission's allegations are true, Defendants would be responsible for the vast majority of emails and damages alleged in the XMission Suit.

32. ConsumerTrack denies the allegations in the XMission Suit, including denying any and all liability and damages, but under the indemnity obligations ConsumerTrack has with each of its affiliates, each Defendant is obligated to indemnify and hold harmless ConsumerTrack in its defense against XMission's allegations including in the XMission Suit.

33. ConsumerTrack notified each Defendant of its individual indemnity responsibilities.

34. Blue C Ads responded, but refused to indemnify and hold harmless

ConsumerTrack with respect to the XMission Suit, and Ad Partners and Offer Conversion did not respond at all, making it necessary for ConsumerTrack to request relief from the Courts in this lawsuit.

## FIRST CAUSE OF ACTION
**Declaratory Relief against All Defendants**

35. Plaintiffs hereby incorporate by reference the foregoing paragraphs as though fully set forth herein.

36. Each Defendant owes indemnity obligations to ConsumerTrack related to the emails alleged by XMission in the XMission Suit, including but not limited to indemnification under the Insertion Orders and equitable indemnification principles.

37. For example, the Insertion Orders require Defendants to indemnify ConsumerTrack for any and all justifiable liability, claims, suits, losses, costs and legal fees caused by, arising out of, or otherwise resulting from any act, whether intentional or negligent, or omission of each Defendant, in the performance and/or failure to perform the obligations and honor the representations and warranties agreed to in the Insertion Order.

38. The XMission Suit includes claims that, if proven by XMission, would constitute a justifiable suit that resulted and will continue to result in losses, costs, and legal fees. ConsumerTrack denies liability in the XMission Suit, but is still suffering losses, costs, and legal fees in defending against the case.

39. The XMission Suit allegations, if true, were caused by, arose out of, or otherwise resulted from, intentional or negligent acts or omissions of each Defendant.

40. Each Defendant's acts or omissions as alleged by XMission relate to the performance or failure to perform its obligations or honor its representations and warranties to ConsumerTrack, including but not limited to representations and warranties as agreed upon in the Insertion Orders.

41. For example, each Defendant's emails, as alleged by XMission, do not contain that Defendant's email address, physical address, and phone number as required by the Insertion Orders.

42. The XMission Suit further alleges that each Defendant's emails violate provisions of the CAN-SPAM Act of 2003, 15 U.S.C. § 7701 *et seq.* in violation of the Insertion Order.

43. Blue C Ads rejected ConsumerTrack's request for indemnity in violation of its obligations under the Insertion Order.

44. ConsumerTrack is entitled to indemnity from each Defendant for all liability, claims, fees, or costs associated with the XMission Suit and XMission's allegations therein and each Defendant has failed to properly indemnify ConsumerTrack.

## SECOND CAUSE OF ACTION
**Breach of Contract**

45. Plaintiffs hereby incorporate by reference the foregoing paragraphs as though fully set forth herein.

46. The Insertion Orders with each Defendant constitute binding contracts.

47. ConsumerTrack performed all of its obligations under those contracts.

48. Each Defendant materially breached their contracts (1) by failing to indemnify ConsumerTrack against losses, costs and legal fees related to and arising from its actions and the XMission Suit; and (2) if the allegations in the XMission Suit are proven to be true, by failing to abide by the warranties and representations within the Insertion Orders.

49. ConsumerTrack has been damaged by each Defendant's breach of contract in an amount to be proven at trial, but no less than $75,000 per Defendant.

## THIRD CAUSE OF ACTION
**Equitable Indemnity**

50. Plaintiffs hereby incorporate by reference the foregoing paragraphs as

8
SECOND AMENDED COMPLAINT

though fully set forth herein.

51. ConsumerTrack and each of the Defendants entered into and engaged in a business relationship related to email marketing.

52. Through its actions or negligence, as alleged by XMission, each Defendant sent or caused to be sent emails that XMission alleges violate the CAN-SPAM Act of 2003 and which contained links to ConsumerTrack websites or properties. For these reasons, XMission named ConsumerTrack in the XMission Suit and included emails from each Defendant.

53. If XMission were to prevail on its claims against ConsumerTrack related to emails sent by each Defendant, then each Defendant would be a tortfeasor for claims alleged against ConsumerTrack and each Defendant would therefore have contributed to ConsumerTrack's liability to XMission. ConsumerTrack seeks equitable indemnification from each Defendant for its contribution to XMission's alleged claims and damages and costs to defend against XMission's allegations.

54. ConsumerTrack has been damaged by each Defendant's breach of its equitable indemnification obligations in an amount to be proven at trial, but no less than $75,000.

## RELIEF REQUESTED

Plaintiff ConsumerTrack, Inc. requests that the Court enter judgment in Plaintiff's favor and against Defendants, jointly and severally, as follows:

1. That the Court enter a Declaratory Judgment that Blue C Ads must indemnify and hold harmless ConsumerTrack for all losses, costs, and legal fees associated with the XMission Suit and XMission's allegations therein.

2. That the Court enter a Declaratory Judgment that Ad Partners must indemnify and hold harmless ConsumerTrack for all losses, costs, and legal fees associated with the XMission Suit and XMission's allegations therein.

3. That the Court enter a Declaratory Judgment that Offer Conversion must indemnify and hold harmless ConsumerTrack for all losses, costs, and legal fees associated with the XMission Suit and XMission's allegations therein.

4. That the Court enter a Declaratory Judgment that Blue C Ads breached its contract with ConsumerTrack.

5. That the Court enter a Declaratory Judgment that Ad Partners breached its contract with ConsumerTrack.

6. That the Court enter a Declaratory Judgment that Offer Conversion breached its contract with ConsumerTrack.

7. That the Court enter a Declaratory Judgment that each Defendant owes ConsumerTrack equitable indemnity for contributing to ConsumerTrack's damages, loss, and costs related to the XMission Suit and XMission's allegations therein.

8. That the Court award ConsumerTrack compensatory damages against each Defendant in an amount to be proven at trial but in no event less than $75,000.

9. That the Court award ConsumerTrack special damages against each Defendant in an amount to be proven at trial.

10. That the Court award ConsumerTrack exemplary damages against each Defendant in an amount to be proven at trial.

11. That the Court award ConsumerTrack its costs and attorneys' fees against each Defendant for the fees and costs incurred in this suit and in defending against the XMission Suit and allegations contained therein.

12. That the Court grant such other and further relief as this Court may deem just and proper.

| | | |
|---|---|---|
| 1 | Dated: May 8, 2017 | NEWMAN DU WORS LLP |
| 2 | | |
| 3 | | /s/ John Du Wors |
| 4 | | John Du Wors, State Bar No. 233913 |
| | | *john@newmanlaw.com* |
| 5 | | |
| 6 | | Attorneys for Plaintiff |
| | | ConsumerTrack, Inc. |