UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2404 PA (FFMx) | Date | September 6, 2017 |
|---|---|---|---|
| Title | ConsumerTrack, Inc. v. Blue Ocean Ads, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Default Judgment filed by plaintiff ConsumerTrack, Inc. ("Plaintiff") (Docket No. 38). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 11, 2017 is vacated, and the matter taken off calendar.

Plaintiff commenced this action on March 28, 2017. The Court dismissed Plaintiff's original Complaint and First Amended Complaint with leave to amend for failing to adequately allege the Court's subject matter jurisdiction. Plaintiff's Second Amended Complaint ("SAC") alleges claims for breach of contract and declaratory relief against defendants Blue Ocean Ads, LLC d/b/a Blue C Ads ("Blue Ocean"), AD Partners, LLC ("Ad Partners"), and Offer Conversion, LLC (collectively "Defendants").[1/] In the SAC, Plaintiff alleges that Blue Ocean and Ad Partners entered into "affiliate agreements" with Plaintiff, in which Blue Ocean and Ad Partners agreed to indemnify and hold Plaintiff harmless against any and all claims, suits, losses, cost, and legal fees caused by, arising out of, or otherwise resulting from any act or omission of the affiliate. According to the SAC, Plaintiff was sued by XMission, L.C. for violations of the CAN-SPAM Act, 15 U.S.C. 7701, arising out of emails sent by Plaintiff's affiliates. Plaintiff alleges that it notified Defendants of the XMission suit and of Defendants' indemnity obligations, but that Defendants have ignored Plaintiff's communications or refused to indemnify and hold Plaintiff harmless.

The Clerk entered the defaults of Blue Ocean and Ad Partners on June 27, 2017. In its Motion for Default Judgment, Plaintiff requests that the Court enter a Judgment that states the following:

    1.    Ad Partners, LLC and Blue Ocean Ads, LLC must each indemnify and hold harmless ConsumerTrack for all losses, costs, and legal

---

[1/] In response to the Court's order to show cause, Plaintiff agreed that its claims against Offer Conversion, LLC should be dismissed without prejudice. Pursuant to Plaintiff's response, the Court dismissed Plaintiff's claims against Offer Conversion, LLC without prejudice on August 25, 2017.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2404 PA (FFMx) | Date | September 6, 2017 |
|---|---|---|---|
| Title | ConsumerTrack, Inc. v. Blue Ocean Ads, LLC, et al. | | |

fees associated with the XMission lawsuit and XMission's allegations therein; and

2. Ad Partners, LLC and Blue Ocean Ads, LLC have breached their contract with ConsumerTrack by failing to provide the requisite indemnity.

Plaintiff does not seek any damages or other relief.

    Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1414 (9th Cir. 1990). The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir. 1977).

    Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court finds that these factors weigh in favor of granting Plaintiff's Motion. In light of the well-pleaded allegations in the Complaint and the defaulting defendants' failure to answer or otherwise participate in the action, Plaintiff's interest in an efficient resolution of the case outweighs the defaulting defendants' interest in adjudication on the merits. <u>See PepsiCo v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

    Having reviewed the SAC and arguments filed in support of Plaintiff's Motion for Default Judgment, the Court concludes that Plaintiff is entitled to the Declaratory Judgment it seeks. The Court will enter a Judgment consistent with this Order.

    IT IS SO ORDERED.