Nathan Durrance, State Bar No. 229210
*nate@newmanlaw.com*
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA  98121
Telephone:     (206) 274-2800
Facsimile:      (206) 274-2801

Attorneys for Plaintiff
ConsumerTrack, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CONSUMERTRACK, INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>ADVERTISING DIRECT, LLC d/b/a BLUE C ADS, a Florida limited liability company, and DOES 1-10,<br><br>          Defendants. | Case No. 2:17-cv-02404 PA(FFMx)<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: October 23, 2017<br>Time: 1:30 p.m.<br>Courtroom: 9A |

## I.     RELIEF REQUESTED

ConsumerTrack, Inc. ("Plaintiff"), respectfully requests the Court to find that it is entitled to attorneys' fees in the amount of $60,418.10 and costs in the amount of $1,782.46 as authorized by the fee shifting provisions of the Insertion Orders entered into between Plaintiff and each of the Defendants Blue C Ads and Ad Partners ("Defendants").

## II. EVIDENCE RELIED UPON

Plaintiff relies upon the September 21, 2017 Declaration of Nathan Durrance in Support of Motion for Attorney Fees and Costs, the pleadings, and all other documents filed in this case.

## III. ARGUMENT AND AUTHORITY

### A. Plaintiff is entitled to fees and costs in this matter pursuant to the Insertion Orders.

Plaintiff entered into Insertion Order contracts with Defendants Blue C Ads and Ad Partners ("Defendants"). Plaintiff sued both Defendants in this action for breach of the Insertion Orders and received default judgments against both Defendants. [Dkt 44]. One provision of the Insertion Orders entitled Plaintiff to its attorneys' fees and costs regarding failure of the Defendants to honor their obligations under the Insertion Orders. Section 6 of both Insertion Orders provide (see Exs. A and B to the Durrance Decl.):

> *Media Provider [Defendants] hereby agrees to indemnify and hold harmless the Company [Plaintiff] against any and all justifiable liability, claims, suits, losses, costs and legal fees caused by, arising out of, or otherwise resulting from any act, whether intentional or negligent, or omission of the Media Provider [Defendants], in the performance and/or failure to perform the obligations and honor the representations and warranties hereby agreed to pursuant to this Agreement...*

Plaintiff has been forced into court to enforce his rights under the Insertion Orders because Defendants failed to honor their indemnification obligations under the Insertion Orders. [Dkt. 44 para. 2; Dkt. 17 (Second Amended Complaint)].

The Court granted default judgment against Defendants for this breach and awarded costs. [Dkt. 44]. Now this Court should grant Plaintiff its fees and costs in this matter based on the language of the Insertion Orders.

        **B.     Plaintiff requested fees are reasonable.**

            **1.     The lodestar calculation.**

In determining an award of reasonable attorney's fees, courts generally apply the lodestar method. *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1078 (C.D. Cal.). The lodestar fee is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* There is a strong presumption that the lodestar represents a reasonable fee. *Id.*

                a.     The hourly rates are reasonable.

Where the attorneys in question have an established billing rate for billing clients, that rate will likely be a reasonable rate. The court, however, may adjust the rate based on the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case.

Plaintiff's counsel has included several attorneys from Newman Du Wors (Declaration of Nathan Durrance (Durrance Decl.)). The principal attorney is Mr. Nathan Durrance, a 2003 graduate of Boalt Hall School of Law, University of California at Berkeley. Mr. Durrance supervised and assisted all attorneys' work and reviewed and edited all filings. Mr. Durrance's practice focuses on commercial litigation and has successfully litigated numerous cases. The hourly rate charged by Mr. Durrance is $395. Based on his personal experience charging hourly fees to clients for over a decade and on his knowledge of the fees charged by a variety of lawyers in Washington and California, he knows that $395 is a reasonably hourly rate.

Mr. Jake Bernstein and Mr. John Du Wors assisted Mr. Durrance in litigating this case, including dealing with XMission and the allegations of

violations by Ad Partners and Blue C Ads that precipitated this action for indemnity against Defendants.  Mr. Bernstein is an associate at the firm and has over 10 years of litigation practice, and his billing rate is $315 per hour, which is reasonable given his level of experience and skill.  Since graduating from Seattle School of Law in 2003, Mr. Du Wors is a partner at the firm and has litigated hundreds of cases in state and federal courts across the country. His billing rate is $450, which is reasonable within the Seattle legal market given his level of experience and skill.

      Similarly, the rate for the paralegal requested in this motion reflect a reasonable rate of $175 based on the levels of experience and qualifications.

            b.      The hours expended are reasonable.

      Under the lodestar method, the court must determine that counsel expended a reasonable number of hours in securing a successful recovery.  The party seeking fees must provide documentation of the hours worked. Such documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed, and the category of attorney who performed the work.

      As demonstrated by the detailed billing records attached to the Durrance Declaration in support of the instant motion, time was not wasted in this case. Durrance Decl. Ex. C. All hours expended in this case were reasonable and appropriate given the nature of this case, including the hours spent dealing with the allegations against Plaintiff and Defendants brought by XMission, which precipitated this action for indemnity against Defendants.

      **2.**      **Costs are recoverable.**

      As the prevailing party, Plaintiff is entitled to recover the costs of the suit, which Plaintiff was awarded in the default judgment. (Dkt. 44).  Plaintiff' costs total $1,782.46.  Durrance Decl. Ex. C.

## IV. CONCLUSION

Plaintiff respectfully requests the Court enforce the Agreement and find that it reasonably incurred costs and fees of $62,200.56 in bringing this action and defending against the allegations brought by XMission against Plaintiff and Defendants pursuant to the indemnity provisions of the Insertion Orders between Plaintiff and Defendants.

Dated: September 21, 2017               NEWMAN DU WORS LLP

/s *Nathan Durrance*
Nathan Durrance, State Bar No. 229210
*nate@newmanlaw.com*
Attorneys for Plaintiff
ConsumerTrack, Inc.