## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2404 PA (FFMx) | Date | October 24, 2017 |
|---|---|---|---|
| Title | ConsumerTrack, Inc. v. Blue Ocean Ads, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Attorneys' Fees and Costs filed by plaintiff ConsumerTrack, Inc. ("Plaintiff") (Docket No. 45). Plaintiff seeks from defendants Blue Ocean Ads, LLC d/b/a Blue C Ads ("Blue Ocean") and Ad Partners, LLC ("Ad Partners") the attorneys' fees and costs Plaintiff incurred in both this action and an underlying action pending in a different court for violations of the CAN-SPAM Act, 15 U.S.C. § 7701. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 23, 2017, is vacated, and the matter taken off calendar.

This Court previously granted Plaintiff's Motion for Default Judgment, and entered a Declaratory Judgment that Blue Ocean and Ad Partners had breached their contracts with Plaintiff to indemnify Plaintiff. In support of its Motion for Attorneys' Fees and Costs, Plaintiff has submitted copies of its contracts with Blue Ocean and Ad Partners. Both of those contracts include "Dispute Resolution" provisions requiring the parties to mediate and then arbitrate any disputes. The contracts describe the Dispute Resolution provisions as the "exclusive means of redress for any disputes." Despite the presence of these exclusive provisions, Plaintiff instituted the action in this Court.

As a result of the existence of the arbitration agreement, the Court ordered Plaintiff to show cause why the Court's Judgment should not be vacated as improvidently granted, and this action dismissed, so that Plaintiff can pursue the exclusive remedies contemplated in its contracts with Blue Ocean and Ad Partners. In its Response to the Court's Order to Show Cause, Plaintiff has presented evidence that it repeatedly sought to initiate the mediation and arbitration provisions of its contracts with Blue Ocean and Ad Partners, but that those two parties ignored those efforts or specifically refused to participate in the dispute resolution procedures called for in the contracts. Plaintiff therefore asserts that Blue Ocean and Ad Partners have waived the enforceability of those provisions and that the Court should not vacate its Judgment and may proceed with consideration of the Motion for Attorneys' Fees and Costs despite Plaintiff's failure to avail itself of the procedures contained in 9 U.S.C. § 4 and California Code of Civil Procedure section 1281.2 for the initiation of an arbitration when a party to an arbitration agreement refuses to arbitrate. See Sobremonte v. Superior Court, 61 Cal. App. 4th 980, 991-92, 72 Cal. Rptr. 2d 43, 49-50 (1998) (discussing waiver of arbitration clauses under California law). The Court concludes that Plaintiff has submitted sufficient evidence establishing that Blue Ocean and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2404 PA (FFMx) | Date | October 24, 2017 |
|---|---|---|---|
| Title | ConsumerTrack, Inc. v. Blue Ocean Ads, LLC, et al. | | |

Ad Partners have waived the dispute resolution provisions contained in the relevant contracts. The Court therefore discharges its Order to Show Cause.

In its Motion for Attorneys' Fees and Costs, Plaintiff seeks $1,782.46 costs for filing fees, service fees, and research expenses. Plaintiff also seeks $60,418.10 in attorneys' fees for time incurred both in defense of the underlying CAN-SPAM Act case and the prosecution of this action. According to Plaintiff, it may recover its fees pursuant to an indemnification provision contained in its contracts with Blue Ocean and Ad Partners. The indemnification provisions state:

> Media Provider hereby agrees to indemnify and hold harmless the Company against any and all justifiable liability, claims, suits, losses, costs and legal fees caused by, arising out of, or otherwise resulting from any act, whether intentional or negligent, or omission of the Media Provider, in the performance and/or failure to perform the obligations and honor the representations and warranties hereby agreed to pursuant to this Agreement, including the acts, whether intentional or negligent, or omissions of any affiliate, subcontractor, employee, vendor, customer, agent or any person or entity which may provide services to Media Provider in connection with the performance of the Services by Media Provider pursuant to this Agreement.

The dispute resolution provisions of the agreements also provide that the "prevailing party shall be entitled to recover reasonable attorney's fees and costs incurred in bringing any controversy, dispute or Claim to arbitration."

A "reasonable" attorney's fee is ordinarily determined in two steps. First, the Court must determine a reasonable "lodestar" fee by multiplying the number of hours reasonably expended by the attorneys on the litigation by a reasonable hourly rate. McElwaine v. US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). Second, the Court determines if the lodestar amount should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975). The twelve Kerr factors bearing on reasonableness are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2404 PA (FFMx) | Date | October 24, 2017 |
|---|---|---|---|
| Title | ConsumerTrack, Inc. v. Blue Ocean Ads, LLC, et al. | | |

Id. "There is a strong presumption that the lodestar figure represents a reasonable fee. 'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (quoting Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994)).

Some of the Kerr factors are subsumed into the initial lodestar calculation while others are not. "Adjusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable hours or reasonable hourly rate at the first step . . . is a disfavored procedure." Morales, 96 F.3d at 364 n.9. Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are the novelty and complexity of issues, the special skill and experience of counsel, the quality of representation, and the results obtained. Id. (citing Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988)). Although the result obtained is a factor subsumed into the initial lodestar, and thus the Court may not adjust the lodestar based on that factor, the Court does have discretion to consider the result obtained in determining whether the hours spent on the case were reasonable. See Cunningham v. County of Los Angeles, 879 F.2d 481, 486 (9th Cir. 1989).

In determining the lodestar, the burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The Court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983)). However, "'[t]he fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services.'" Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622-23 (9th Cir. 1993) (quoting Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987)); see also Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007).

Blue Ocean and Ad Partners are, at most, contractually obligated to indemnify and hold harmless Plaintiff for its defense costs incurred in the underlying action. The fees incurred to prosecute this action do not fall within the scope of the indemnity provisions of the relevant contracts. Nor has Plaintiff cited any other contractual or statutory basis for the recovery of the fees incurred in this action. See Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244, 1248, 140 Cal. Rptr. 3d 173, 174 (2012) ("In general, a prevailing party may recover attorney's fees only when a statute or an agreement of the parties provides for fee shifting."). Although the dispute resolution provisions would allow Plaintiff to recover the costs incurred in prosecuting a successful arbitration proceeding, Plaintiff did not seek to enforce that provision. Because the terms of those provisions apply only to fees and costs incurred in bringing a dispute to arbitration, and Plaintiff elected not to do so, this Court cannot award fees and costs under the dispute resolution provisions.

Here, Plaintiff's time records combine the fees incurred in the underlying action with those incurred in this action. The Court additionally notes that this action at one time included additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2404 PA (FFMx) | | Date | October 24, 2017 |
|---|---|---|---|---|
| Title | ConsumerTrack, Inc. v. Blue Ocean Ads, LLC, et al. | | | |

defendants that Plaintiff dismissed at various stages prior to the Court's issuance of its Judgment, and that the underlying litigation involved additional parties situated similarly to Blue Ocean and Ad Partners. As a result of inadequate descriptions contained in the billing records supplied by Plaintiff in support of its Motion for Attorneys' Fees, the Court cannot distinguish between the potentially recoverable fees expended in the underlying litigation associated with Blue Ocean and Ad Partners, from the fees incurred in this action and those associated with Plaintiff's defense of the underlying litigation incurred as a result of the actions of parties other than Blue Ocean and Ad Partners. The Court therefore concludes that Plaintiff has failed to satisfy its burden to submit evidence from which the Court can determine a reasonable number of hours for the work for which Plaintiff could obtain attorneys' fees from Blue Ocean and Ad Partners. See Van Gerwen, 214 F.3d at 1045. Because the Court cannot determine a reasonable number of hours for the work for which Plaintiff might be able to recover attorneys' fees from Blue Ocean and Ad Partners, the Court denies Plaintiff's Motion for Attorneys' Fees.

Plaintiff's request for an award of $1,782.46 in costs includes $1,192.30 in service fees for five different service expenses. It is not apparent from the records submitted in support of the Motion which of these fees were incurred in serving Blue Ocean and Ad Partners, and which were incurred in serving the other defendants who were named in this action and then dismissed by Plaintiff. Plaintiff has not explained how Blue Ocean and Ad Partners are liable for costs associated with these other parties. The Court therefore concludes that Plaintiff has not established which, if any, of these costs, are taxable against Blue Ocean and Ad Partners. The Court therefore declines to award these costs to Plaintiff. The Court will, however, award Plaintiff the remaining $590.16 in costs.

For all of the foregoing reasons, the Court grants in part, and denies in part, Plaintiff's Motion for Attorneys' Fees and Costs. The Court awards to Plaintiff costs in the amount of $590.16. The Court declines to award the remaining costs and attorneys' fees sought by Plaintiff because it failed to submit sufficient evidence to support such an award.

IT IS SO ORDERED.